NORTHCUTT, Respondent, *vs.* NORTHCUTT *et al.*, Appellants.

1. If a testator's name is signed to a will by another at his request, and he then makes his mark, this is not a sufficient signing by the testator himself, but the will must be attested as required by the fifth section of the act concerning "wills," (R. C. 1845.)

## *Appeal from Boone Circuit Court.*

This was a proceeding to vacate the will of William Northcutt, previously established in the Boone county court. The will was executed in 1846, before the repeal of the fifth section of the act concerning "wills," (R. C. 1845.)

Upon a jury trial of the question whether the instrument was the will of the deceased, the proof was, that one of the subscribing witnesses signed the testator's name at his request, and that thereupon, the testator made his mark in the usual manner, by putting a cross between his christian and sirname; but there was no statement upon the will that the witness signed the testator's name at his request, pursuant to the fifth section of the statute of wills of 1845. The court ruled that the instrument, on account of this omission, was not well executed, and under this direction, the jury found against the will.

*Gordon & Guitar*, for appellants. 1. Under our statute of wills before the revision of 1845, a mark was a sufficient signing. In adopting the British statute, we adopted the construction put upon it in British courts. (3 Levens, 1. 8 Ves. 185. 8 Ves. 504. 8 Adol. & Ellis, 94. 5 J. R. 144. 10 Paige's Ch. Rep. 88. 16 Barb. S. C. Rep. 145. 13 Iredell, 259. 2 Greenl. Ev. §674.) 2. There have always been two modes of executing a will provided by the statutes of wills— a signing by the testator himself, and a signing by some other person by his direction and in his presence. The new provision, contained in the fifth section of the act of 1845, provides additional formalities where the second mode of signing is adopted, and, under the decision of this court, (14 Mo. Rep. 611,) it is essential to a valid execution of the will under this

Northcutt *v.* Northcutt.

second mode, that those additional formalities should be observed ; but neither this decision nor the statute under which it was made touches the present case, where there is a good execution of the will by the testator's own signing with a mark.

*S. A. Young* and *Boyle Gordon*, for respondent.  A mark is not a sufficient signing under the fourth section of our statute.  The legislature undoubtedly used the word *signed* in the sense of writing the name.  They intended that the handwriting should afford some evidence of the identity of the signature. To provide for cases where the testator was not able to write, they allowed his name to be signed by another ; but require the person who writes the name to attest the fact in the manner pointed out by the fifth section.  That the word " signed" is used in this sense in the fourth section, is evident from the fact that it is thus used in the fifth section — " every person who shall *sign the testator's name*," &c.  Different sections in a statute must be taken together in construing it.  Although the fourth section of our act is a transcript of the British statute, it does not follow that it is to have the British construction when incorporated into an act, other provisions of which show that such was not the design of the legislature.  But the late decisions show that a mark is not a sufficient signing, even within the British statute.  (1 Phill. on Ev. (3d Am. ed. p. 436, and authorities cited in a note.)  2 Vesey, sr., 459.)  If, however, a mark is a sufficient signing within the fourth section, the testator must intend to authenticate his will by this means alone.  In this case, the evidence shows that he requested his name to be written.  If this was intended by the testator as a part of the act to authenticate the instrument, it was necessary that the directions of the fifth section should be followed.  The case of *McGee* v. *Porter*, (14 Mo. Rep.) is relied on as in point.

SCOTT, Judge, delivered the opinion of the court.

1. The cases which have fallen under our notice, in which it has been held that the making of a mark was a sufficient signing

under the statute of wills, (29 Chas. II,) of which ours is a copy in this respect, are those in which the will was authenticated by the mark of the testator alone without his name. (5 John. 144.) In the matter of *Field*, (7 Eng. Ecclesiastic Rep. 576.) In the matter of *Bryce*, id. 128. *Baker* v. *Dening*, 35 E. C. L. Rep. 335.) Admitting that the making of a cross is a sufficient signing within the statute, yet it should appear that the testator relied on that act alone as the means of authentication. If to the cross he has superadded his name, or required it to be done, it would appear that he did not rely on the cross for the authentication of his will. If the testator's name is signed to his will by another, at his request, it is difficult to perceive why the will should not then be attested, as is required by the fifth section of the act concerning wills. We know that the mark alone is not often used as a means of authenticating instruments. It is almost invariably used in connection with the written name of the marksman. Its object is, to show that the name written is not subscribed by the person making the mark, but by some other person for him. We do not recollect an instance among us in which a mark alone was used as a signature without the name of the marksman.

The words of the act are, that every person who shall sign the testator's name to any will by his direction, shall subscribe his own name as a witness to such will, and state that he subscribed the testator's name at his request. Here, the testator's name is subscribed to his will by another, at his request. How, then, can we say that he designed authenticating his will by the mark afterwards made? If the making of a mark, when there is a signature of the name, should be deemed a sufficient authentication of a will, nothing would be easier than to avoid the requisition of the statute, in every case of a signature of the name of the testator, by the direction of another. It would only be necessary to make a cross, a thing easy to be done and difficult to be detected, and the provision of the statute would be defeated.

This case is within the very words of the statute, and there is

nothing showing that it is not also within the reason of it, and, as the person who subscribed the testator's name, did not state in his attestation of the will, that he subscribed the testator's name at his request, the will is void.

Judge Ryland concurring, the judgment will be affirmed.