SIMPSON *et al.*, Defendants in Error, v. SIMPSON *et al.*, Plaintiffs in Error.

1. Every person who shall sign a testator's name to a will by his direction must subscribe his own name as a witness and state that he subscribed the testator's name at his request; if he does not so state, the will is void.

*Error to Carroll Circuit Court.*

This was a proceeding instituted to contest the validity of the will of one John Simpson. Said will was admitted to probate in the year 1853.

The testimonium clause of the alleged will, together with the attestation thereof, are as follows : " In witness whereof I have hereunto affixed my signature and seal this 12th day of July, in the year of our Lord 1852. John ⋈ Simpson. Signed and sealed in the presence of the undersigned, who were requested to witness the same by John Simpson on this the 12th day of July, 1852. Harden Rodgers, Dudley Thomas, subscribing witnesses."

The court set aside the will and declared it null and void.

*Troxell*, for plaintiffs in error.

I. The attestation was good under the fourth section of the act of 1845. The signing of the testator's full name to said instrument by his direction did not, under the circumstances of this case, render it necessary to have the same attested according to the requisitions of the fifth section of the act. The act of Simpson in publishing said instrument after his mark and name had been put thereto was sufficient to constitute said instrument his will without any regard to the name written thereto. (19 Mo. 609; 1 Jarm. on Wills, 118 ; R. C. 1845, p. 1079, § 4, 5.)

*E. B. Ewing*, for defendants in error.

I. The attesting witness failed to state that he subscribed the testator's name at his request. (R. C. 1845, p. 1097 ; McGee v. Porter, 14 Mo. 613 ; St. Louis Hospital Association v. Williams' Adm'r, 19 Mo. 611 ; Northcutt v. Northcutt, 20 Mo. 268.)

NAPTON, Judge, delivered the opinion of the court.

This case presents the same point decided by this court in McGee and others v. Porter, 14 Mo. 613, and Northcutt v.

Northcutt et al., 20 Mo. 268. It will be observed that in the recent revision, the fifth section of the act concerning wills, which gave rise to the question decided in these cases, is omitted, and the same question will not arise under the new code. Upon a re-examination of the subject, the court have not been able to arrive at any different construction of the old statute than the one heretofore adopted in cases referred to and others. The judgment of the circuit court is therefore affirmed.